UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EUGENE SCALIA,** Secretary of Labor, United States Department of Labor, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**J. SALERNO & SON, INC. d/b/a SALERNO'S** )<br>**RESTAURANT,** an Illinois Corporation, and, )<br>**MARIA SALERNO,** individually, )<br>)<br>Defendants. ) | Civil action no.: 19-cv-6719 |

## COMPLAINT

Plaintiff, **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain defendants **J. SALERNO & SON, INC. d/b/a SALERNO'S RESTAURANT.**, an Illinois corporation, and **MARIA SALERNO**, individually (collectively, "Defendants"), from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.) (hereinafter, "the Act"), pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees.

I

Jurisdiction of this action is conferred upon the Court by sections 17 of the Act and 28 U.S.C. § 1345.

II

(A)   **J. SALERNO & SON, INC. d/b/a SALERNO'S** ("Salerno's"), is and, at all times hereinafter mentioned, was an Illinois corporation with an office and place of business at 1201 W. Grand Ave., Chicago, IL 60622 in Cook County, within the jurisdiction of this

Court. Salerno's is and, at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

(B) **MARIA SALERNO** is and, all times hereinafter, was an owner of Salerno's. At all times hereinafter mentioned, **MARIA SALERNO** is and was engaged in business within Cook County, acting directly or indirectly in the interest of Salerno's in relation to its employees. **MARIA SALERNO**, an employer within the meaning of 29 U.S.C. § 203(d), exercises operational control over the business, supervises employees, determines pay practices, and has the authority to hire and fire employees of Salerno's.

### III

Salerno's, is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the FLSA.

### IV

Salerno's, at all times hereinafter mentioned, constituted a single enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise, at all times hereinafter mentioned, had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

## V

The Defendants repeatedly and willfully violated the provisions of sections 6 and 15(a)(2) of the Act by paying employees wages at a rate of less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid for all hours worked, in that they paid delivery drivers a flat fee of $3.00 or less per delivery, regardless of hours worked.

## VI

The Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. The delivery drivers were paid at rates less than one and one-half times their regular rates for hours worked in excess of 40 in a workweek. As a result of the defendants' failure to properly administer a tip credit pursuant to section 3(m) of the Act and 29 C.F.R. Part 531, the defendants cannot credit a portion of the amount of tips received by the drivers, if any, against the minimum wage requirements.

## VII

The Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of delivery driver employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to employees and the regular rates at which they were employed.

## VIII

During the period since October 23, 2016, the Defendants have repeatedly and willfully violated the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

**A.** For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

**B.** For an Order:

1. pursuant to section 17 of the Act, finding defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees listed in the attached Exhibit A (additional back wages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint);

2. pursuant to section 17 of the Act, enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of unpaid minimum wage and overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

**C.** For an Order awarding plaintiff the costs of this action; and

**D.** For an Order granting such other and further relief as may be necessary and appropriate.

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

P.O. ADDRESS:
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, Illinois 60604
Telephone no.: 312/353-6972
E-mail: ishu.mark.h@dol.gov

/s Mark H. Ishu
**MARK HENRY ISHU**
Trial Attorney

Attorneys for **EUGENE SCALIA,**
Secretary of Labor, United States
Department of Labor, Plaintiff